UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Paul Thompson,<br><br>                           Plaintiff,<br>     -v-<br><br>Jennings & Hartwell Fuel Oil Corp., and<br>Lawrence Smalls,<br><br>                           Defendants. | **Civ. Action #:**<br><br>**Complaint**<br><br><br>**Jury Trial Demanded** |

Plaintiff Paul Thompson, ("plaintiff" or "Thompson"), by Abdul Hassan Law Group, PLLC, his attorneys, complaining of defendants, respectfully alleges as follows:

### NATURE OF THE ACTION

1. Plaintiff alleges that he was employed by defendants, individually and/or jointly and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), that he is: (i) entitled to unpaid overtime wages from defendants for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times his regular rate for such hours over forty in a week; (ii) entitled to maximum liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. including 29 U.S.C. §§ 216(b).

2. Plaintiff further complains pursuant to New York Labor Law, that he is: (i) entitled to unpaid overtime wages from defendants for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times his regular rate for such hours over forty in a week, (ii) is entitled to maximum liquidated damages and attorneys fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law §§ 650 et seq., including NYLL § 663, and the regulations thereunder as well as NYLL 190-198 and the regulations thereunder.

3. Plaintiff also complains that he was terminated and discharged in discrimination and retaliation by defendants because, in good faith, he complained of and opposed defendants' failure to pay him required wages (including overtime wages). Such retaliatory termination violates the FLSA at 29 USC § 215 and NYLL § 215 and plaintiff is entitled to and seeks to

1

recover all damages available under these statutes.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claim under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b).

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 2202.

## THE PARTIES

7. Plaintiff Paul Thompson ("plaintiff" or "Thompson") is an adult, over eighteen years old, who currently resides in Bronx County in the State of New York.

8. Upon information and belief and all times relevant herein, defendant Jennings & Hartwell Fuel Oil Corp., ("J&H") was a domestic New York business corporation.

9. Upon information and belief and at all times relevant herein, both defendants shared the same business address at 228-17 Merrick Blvd., Laurelton, NY 11413.

10. Upon information and belief and at all times relevant herein, the corporate defendant was owned/controlled/managed by defendant Lawrence Smalls ("Smalls"), a/k/a Larry, who was in charge of the operations and management of defendant J&H.

11. Upon information and belief and at all times relevant herein, the corporate defendant J&H was owned/controlled/managed by defendant Smalls and was his alter ego, and it was defendant Smalls who controlled the employment of plaintiff and was responsible for hiring, firing, supervising, and record-keeping as to plaintiff's employment, among other things.

12. At all times relevant herein, plaintiff was employed individually and/or jointly by defendants.

## STATEMENT OF FACTS

*13.* Upon information and belief, and at all relevant times herein, defendants were engaged in the fuel oil business in Queens New York – delivering fuel/heating oil to customers such as homes and businesses and servicing heating equipment etc. See for example, www.jenningsandhartwell.com.

14. Upon information and belief, and at all relevant times herein, defendants, individually and/or jointly, employed between 10-15 persons or more.

15. Plaintiff was employed by defendants from on or about December 19, 2013 to on or about February 1, 2014, at its location at 228-17 Merrick Blvd., Laurelton, NY 11413.

16. At all times relevant herein, plaintiff was employed by defendants as a delivery person – delivering fuel/heating oil to residential and business customers of defendants.

17. Upon information and belief and at all times relevant herein plaintiff was an hourly employee of defendants and was paid about $20.00 an hour by defendants.

18. Upon information and belief and at all times relevant herein, plaintiff worked about 50-70 hours a week for defendants.

19. The amount of plaintiff's hours and wages will be refined when defendants produce wage and time records it was required to keep under the FLSA and NYLL.

20. On or about February 1, 2014, plaintiff complained in good faith to defendants (Mr. Smalls) that his wages were frequently less than he was entitled to and that he was not receiving overtime pay. In response, defendants (Mr. Smalls) became extremely angry at plaintiff for complaining about unpaid wages, and defendant terminated plaintiff almost immediately after and because of the wage complaints on February 1, 2014, even though plaintiff's complaints were protected by the FLSA and NYLL.

21. Plaintiff was terminated/discharged by defendants in retaliation/discrimination for opposing

and complaining in good faith about the defendants' failure to pay him wages required by law, including his overtime wages.

22. Plaintiff incorporates herein, <u>accurate</u> records of his time, wages and employment that defendants were required to keep pursuant to the FLSA and NYLL.

23. Upon information and belief and at all times relevant herein, defendants, individually and/or jointly, had annual revenues and/or expenditures in excess of $500, 000.

24. Upon information and belief, and at all times relevant herein, defendants, individually and/or jointly, conducted business with insurance companies within and outside the state of New York.

25. Upon information and belief and at all times relevant herein, defendants, individually and/or jointly, purchased supplies and materials from vendors within and outside the state of New York – especially as part of a national chain of stores.

26. At all times applicable herein, defendants, individually and/or jointly, conducted business with vendors and other businesses outside the State of New York.

27. Defendants as a regular part of its business, individually and/or jointly, engaged in credit card transactions involving banks and other institutions outside the state of New York.

28. At all times applicable herein and upon information and belief, defendants, individually and/or jointly, utilized the instrumentalities of interstate commerce such as the United States mail, electronic mail, the internet and telephone systems.

29. All times applicable or relevant herein as to the FLSA overtime claim refers to <u>at least</u> the two-year and three-year period preceding the filing of this complaint but this period may be longer.

30. All times applicable or relevant herein as to the NYLL overtime claim refers to <u>at least</u> the six-year period preceding the filing of this complaint but this period may be longer.

31. Upon information and belief and at all times applicable herein, defendants did not display the required FLSA and NYLL posters of employee wage rights as was required by the FSLA and NYLL and the regulations thereunder.

32. The relevant and applicable times will be refined as is necessary, including after discovery if necessary.

## AS AND FOR A FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq. (Unpaid Overtime)

33. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 32 above as if set forth fully and at length herein.

34. At all times relevant to this action, plaintiff was employed by defendants, individually and/or jointly, within the meaning of the FLSA.

35. At all times relevant to this action, plaintiff was engaged in commerce and/or in the production of goods for commerce and/or defendants, individually and/or jointly, constituted an enterprise(s) engaged in commerce within the meaning of 29 U.S.C. § 207.

36. At all times relevant herein, defendants, individually and/or jointly, transacted commerce and business in excess of $500,000.00 annually or had revenues in excess of $500,000.00 annually.

37. At all times relevant herein, defendants, individually and/or jointly, <u>failed</u> and <u>willfully failed</u> to pay plaintiff overtime compensation at rates not less than one and one-half times his regular rate of pay for each hour worked in excess of forty hours in a week, in violation of 29 U.S.C. § 207.

**Relief Demanded**

38. Due to defendants' FLSA overtime violations, plaintiff is entitled to recover from defendants, individually and/or jointly, his unpaid overtime and minimum wage compensation, <u>an additional equal amount (maximum) as liquidated damages</u>, attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

**AS AND FOR A SECOND CAUSE OF ACTION**
**NYLL 650 et Seq. (Unpaid Overtime)**

39. Plaintiff alleges, and incorporates by reference the allegations in paragraphs 1 through 37 above as if set forth fully and at length herein.

40. At all times relevant to this action, plaintiff was employed by defendants, individually and/or jointly, within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations and wage orders thereunder including 12 NYCRR 142.

41. At all times relevant herein, defendants, individually and/or jointly, <u>failed</u> and <u>willfully failed</u> to pay plaintiff overtime compensation at rates not less than one and one-half times his regular rate of pay for each hour worked in excess of forty hours in a work week, in violation of the New York Minimum Wage Act and its implementing regulations and wage orders. N.Y. Lab. Law §§ 650 et seq., including 12 NYCRR 142-2.2.

**Relief Demanded**

42. Due to defendants' New York Labor Law violations, plaintiff is entitled to recover from defendants, individually and/or jointly, his unpaid overtime compensation, prejudgment interest, maximum liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor L. § 663(1).

**AS AND FOR A THIRD CAUSE OF ACTION**
**NYLL § 190, 191, 193 and 198 – Unpaid Wages/Deductions**

**43.** Plaintiff alleges, and incorporates each and every allegation contained in paragraphs 1 through 41 above with the same force and effect as if fully set forth at length herein.

44. At all times relevant to this action, plaintiff was employed by defendants, individually and/or jointly, within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 193 and 198 and the applicable regulations thereunder.

45. At all times relevant to this action, plaintiff was employed by defendants, individually and/or jointly, as a manual worker, laborer or workingman, within the meaning of the New York Labor Law § 190 et seq. including § 191.

46. Defendants, individually and/or jointly, also violated and willfully violated NYLL §§ 190 et seq., including §§ 191, 193 and 198, by failing to pay plaintiff all the non-overtime wages and overtime wages plaintiff was entitled to within the time required by NYLL §§ 191, 193 and 198.

47. Defendants, individually and/or jointly, violated and willfully violated NYLL §§ 190 et seq., including §§ 191, 193 and 198, by failing to pay plaintiff about $400 in base wages that were due at the time of plaintiff's termination on or about February 1, 2014.

### Relief Demanded

48. Due to defendants' New York Labor Law Article 6 violations including violations of sections 191, 193 and 198, plaintiff is entitled to recover from defendant, his entire unpaid overtime and non-overtime wages owed, plus maximum liquidated damages, including liquidated damages and/or interest on wages paid later than weekly, reasonable attorney's fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

### AS AND FOR A FOURTH CAUSE OF ACTION
### FLSA RETALIATION/DISCRIMINATION - 29 U.S.C § 215

49. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 47 above as if set forth fully and at length herein.

50. At all times relevant to this action, plaintiff was employed by defendants, individually and/or

jointly, within the meaning of the FLSA including 29 USC § 207 and 29 USC § 215.

51. At all times relevant herein, defendants, individually and/or jointly, were covered persons or entities within the meaning of 29 USC § 215.

52. Defendants discharged/terminated plaintiff's employment with it in retaliation and discrimination and in violation of the FLSA at 29 USC § 215 for engaging in protected activity such as opposing and complaining in good faith about defendants' failure to pay plaintiff's wages owed to him under the FLSA as also explained above.

### Relief Demanded

53. Defendants' FLSA violations, have caused and proximately caused plaintiff to suffer damages and plaintiff is entitled to and seeks to recover from defendants, individually and/or jointly, all damages available under 29 USC §§ 215, and 216, including his lost wages, front pay/reinstatement, maximum liquidated damages, attorneys' fees, and costs of the action, pursuant to 29 U.S.C. §§ 215, 216(b).

### AS AND FOR A FIFTH CAUSE OF ACTION
### RETALIATION/DISCRIMINATION - NYLL § 215

54. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 53 above as if set forth fully and at length herein.

55. At all times relevant herein, plaintiff was employed by defendants, individually and/or jointly, within the meaning of the New York Labor Law §§ 2, 215 and 651 and the regulations thereunder.

56. At all times relevant herein, defendants, individually and/or jointly, were covered persons or entities within the meaning of New York Labor Law §§ 2, 215 and 651 and the regulations thereunder.

57. Defendants discharged/terminated plaintiff's employment with it in retaliation and

discrimination and in violation of the NYLL § 215 for engaging in protected activity such as opposing and complaining in good faith about defendants' failure to pay plaintiff wages owed to him under the NYLL as also explained above

58. A notice of this action/claim was provided to the NYS Attorney General pursuant to NYLL § 215 prior to the filing of this action.

## Relief Demanded

59. Defendants' New York Labor Law violations, have caused and proximately caused plaintiff to suffer damages and plaintiff is entitled to recover from defendants, individually and/or jointly, all available damages, including his lost wages, reinstatement, maximum liquidated damages, other damages, attorneys' fees, and costs of the action, pursuant to NYLL including § 215.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

60. Declare Defendants, individually and/or jointly, to be in violation of the plaintiff's rights under the Fair Labor Standards Act, Article 6 of the New York Labor Law, the New York Minimum Wage Act, NYLL § 215, and the Regulations thereunder;

61. As to his **First Cause of Action**, award plaintiff his unpaid overtime compensation, prejudgment interest, maximum liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

62. As to his **Second Cause of Action**, award plaintiff his unpaid overtime compensation, prejudgment interest, maximum liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor L. § 663(1).

63. As to his **Third Cause of Action**, award plaintiff, his entire unpaid overtime and non-overtime wages owed, plus maximum liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including §§ 191, 193, 198.

64. As to his **Fourth Cause of Action**, award plaintiff all damages available under 29 USC §§ 215, and 216, including his lost wages, reinstatement, maximum liquidated damages, attorneys' fees, and costs of the action, pursuant to 29 U.S.C. §§ 215, 216(b).

65. As to his **Fifth Cause of Action**, award Plaintiff all damages available under NYLL § 215, including his lost wages, reinstatement, maximum liquidated damages, other damages, attorneys' fees, and costs of the action, pursuant to NYLL including § 215;

66. Award plaintiff prejudgement interest on all monies due.

67. Award plaintiff any relief requested or stated in the preceding paragraphs but which has not been requested in the WHEREFORE clause, in addition to the relief requested in the wherefore clause;

68. Award plaintiff such other, further and different relief as the Court deems just and proper.

**Dated: Queens Village, New York**
         March 22, 2014

Respectfully submitted,

Abdul Hassan Law Group, PLLC

 /s/ Abdul Hassan_____
By: Abdul K. Hassan, Esq. (AH6510)
215-28 Hillside Avenue, Queens Village, NY 11427
Tel: 718-740-1000 - Fax: 718-740-2000
E-mail: abdul@abdulhassan.com
ATTORNEY FOR THE PLAINTIFF